Dear Mr. Cody:
You have requested an opinion of this office as to whether a parish school board member may also hold the position of Assistant Superintendent for Vocational Education within the Department of Education. Revised Statute42:61-66 deal with dual office holding and dual employment situations. La. R.S. 42:66 gives several exemptions to the dual office holding law. Part B states,
 "nothing in this part shall be construed to prohibit a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office.
This section, however, must be reconciled with 42:64, incompatible offices. 64(A)(4) and (6) are applicable and read as follows:
 (4) "the incumbent of one office, whether or not in conjunction with fellow officers, or employment, is required by law to execute orders and follow directions given by the incumbent of the other office or employment."
 (6) funds received by one office or employment or deposited with or turned over to the other office or position."
Certainly the Department of Education is the overseer of all educational endeavors within the State of Louisiana. As such, they issue directives and mandates to local school boards including the parish school boards on a regular basis.
The Department of Education, as the State's primary education authority receives funds from the Louisiana legislature which are in turn distributed to the various parish school boards. This is the exact situation 64(A)(6) is referring to. Being employed with the Department of Education, Mr. Lavigne is in a position to influence funds and decisions concerning the Terrebonne Parish School Board. Whether or not he directly makes those decisions appears to this writer to be immaterial. The opportunity does exist to do so.
Therefore, it is the opinion of the Attorney General's office that Mr. Lavigne simultaneously holding the position of Assistant Superintendent for Vocational Education within the Department of Education, and serving as a member of the Terrebonne Parish School Board constitutes incompatible offices under Louisiana law and is, therefore, prohibited. It might further be noted that Mr. Lavigne's current position as the Region 3 Vocational Education Center Director, also within the Department of Education, likewise constitutes an incompatible office holding situation.
To the extent that prior opinions 84-279 and 84-479 are inconsistent, they are hereby modified.
I trust this answers your inquiry.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: MICHAEL L. HEBERT Assistant Attorney General